FILED ENTERED
LODGED RECEIVED
SEP 2 0 2019
AT BALTIMORE
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY                        DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

LATEEF FISHER, #58219-037, :

Petitioner, :

v. : CIVIL ACTION NO. RDB-18-3540
  CRIMINAL NO. RDB-14-0413

UNITED STATES OF AMERICA, :

Respondent :

\*\*\*

## MEMORANDUM OPINION

Pending is Respondent's Motion to Dismiss the Motion to Vacate as untimely. ECF 182. Petitioner Lateef Fisher has filed a Reply and seeks equitable tolling of the statute of limitations. ECF 187, 188, 190.

Petitioner was convicted by a jury of conspiracy to distribute and possession with intent to distribute one kilogram or more of heroin and 28 grams or more of cocaine base. ECF 78. On August 5, 2015, he was sentenced to 156 months' imprisonment, followed by five years of supervised release. ECF 95. 96. He timely noted an appeal. ECF 93. On October 7, 2016, the United States Court of Appeals for the Fourth Circuit affirmed the conviction in an unpublished per curiam opinion. ECF 149; *United States v. Fisher*, 662 F.App'x 200, 202 (2016).

Following the denial of his direct appeal, pursuant to U.S. Supreme Court Rule 13, Petitioner had 90 days after the Fourth Circuit issued its decision—until January 5, 2017—to file a petition for a writ of certiorari. *See* Sup. Ct. R. 13.1. On January 6 2017, the Clerk of the Supreme Court received Petitioner's writ of certiorari, postmarked December 29, 2016. ECF 190-3. In a letter dated January 30, 2017, the Clerk of the Supreme Court notified him that his Petition had not been docketed and was being returned to provide him an opportunity to correct several

deficiencies. ECF 182-5. The Clerk informed Petitioner that "[u]nless the petition is submitted to this Office in corrected form within 60 days from the date of this letter, the petition will not be filed." *Id.* (citing Sup. Ct. R. 14.5). Petitioner therefore had until March 31, 2017, to resubmit a petition that complied with Supreme Court Rules.

On February 28, 2017 Petitioner presented his corrected petition for writ of certiorari to the mailroom at Federal Correctional Institution- Fairton, New Jersey. ECF 190-6. Mailroom employee B. Pulley provided a written notice that same day, February 28, 2017, indicating that Petitioner delivered the petition for writ of certiorari and "sealed it before me with the correct postage, addressed to the United States Supreme Court." ECF 190-7. On April 16, 2017, Petitioner wrote the Clerk of the Supreme Court to inquire as to the status of his petition. ECF 188-4. Upon receiving no reply, he filed his Motion to Vacate, dated November 12, 2018 and received by the Clerk on November 16, 2018. ECF 174.

"[T]he one year limitation period is . . . subject to equitable tolling in 'those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation against the party.'" *Hill v. Braxton*, 277 F. 3d 701, 704 (4th Cir. 2002) *citing Harris* 209 F. 3d at 330. To be entitled to equitable tolling, Petitioner must establish that either some wrongful conduct by Respondent contributed to his delay in filing his petition or that circumstances that were beyond his control caused the delay. *See Harris* 209 F. 3d at 330. "[A]ny resort to equity must be reserved for those rare instances where . . . it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Id.*

Petitioner has failed to allege adequate grounds for equitable tolling of the statute of limitations. It is apparent that Petitioner timely mailed his corrected petition for writ of certiorari in late February 2017, and that something external to his own conduct resulted in the petition's non-delivery to the Supreme Court. Nonetheless, Petitioner waited until November 12, 2018 – more than two years after the denial of his direct appeal and 20 months after the deadline for seeking Supreme Court review – to file his motion to vacate here.

Accordingly, by separate Order which follows, the Court finds that Petitioner's Motion to Vacate is untimely and that he is not entitled to equitable tolling of the statute of limitations. This Court further finds that there is no basis for the grant of a certificate of appealability and denies same. *See* 28 U. S.C. § 2253(c)(2) (permitting a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right").

September 20, 2019
Date

RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE